J-S27011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH HOLMES | : | |
| | : | |
| Appellant | : | No. 2597 EDA 2023 |

Appeal from the PCRA Order Entered September 21, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002747-2009

BEFORE:   LAZARUS, P.J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, P.J.:                    **FILED NOVEMBER 5, 2024**

Joseph Holmes appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.   Because Pennsylvania courts lack jurisdiction to review untimely PCRA petitions, we affirm.

Briefly, a jury convicted Holmes of aggravated assault, robbery, kidnapping, conspiracy, and possession of an instrument of crime. In connection therewith, the court convicted Holmes of the bifurcated charge for persons not to possess a firearm.  Subsequently, the court sentenced Holmes to an aggregate term of 30 to 60 years' incarceration, followed by 5 years' probation.  This Court affirmed Holmes' judgment of sentence on September

_____

[*] Retired Senior Judge assigned to the Superior Court.

23, 2020. *See Commonwealth v. Holmes*, 240 A.3d 955 (Pa. Super. 2020) (Table). Holmes filed an untimely petition for permission to appeal with the Supreme Court for allowance of appeal on January 19, 2021. *See* Pa.R.A.P. 1113 (parties have 30 days to file petition for allowance of appeal with our Supreme Court). On July 7, 2021, the Supreme Court denied allocatur. *See Commonwealth v. Holmes*, 258 A.3d 408 (Pa. 2021) (Table).

Holmes filed the instant PCRA petition, *pro se*, on July 1, 2022, and a counseled amended petition on December 13, 2022. On August 16, 2023, the PCRA court provided notice of its intent to dismiss the amended petition without a hearing pursuant to Pa.R.Crim.P. 907, to which Holmes did not respond. The PCRA court dismissed Holmes' amended petition on September 21, 2023. Holmes filed a timely notice of appeal, and he and the PCRA court complied with Pa.R.A.P. 1925.

Prior to reaching the merits of Holmes' appeal, we must address whether his PCRA petition was timely filed. The PCRA provides time requirements for filing a PCRA petition:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b)(1) and (2). Further, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* at § 9545(b)(3); *see also* Pa.R.A.P. 1113(a) (requiring petition for allowance of appeal from order of this Court be filed within 30 days after entry of such order).

The subsection 9545(b)(1) timeliness requirements are jurisdictional. *See Commonwealth v. Cobbs*, 256 A.3d 1192, 1207 (Pa. 2021); *see also Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) ("Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised within an untimely PCRA petition.) (citation and quotation marks omitted). The PCRA petitioner bears the burden of proving that an untimely petition falls within one of the three exceptions. *See Commonwealth v. Anderson*, 234 A.3d 735, 738 (Pa. Super. 2020). "[E]xceptions to the [PCRA] time bar must be pled in the petition and may not be raised for the first time on appeal." *Commonwealth*

- 3 -

***v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a). Further, courts do not have the power to make equitable exceptions to the PCRA's timeliness requirements. ***See Commonwealth v. Tedford***, 228 A.3d 891, 905 (Pa. 2020).

If a PCRA petition is facially untimely and the petitioner has not pled and proven a section 9545(b)(1) exception, the PCRA court does not have jurisdiction over the petition. ***See Cobbs***, ***supra***; ***see also Derrickson***, ***supra***.

Further, we note that an untimely petition for allowance of appeal to our Supreme Court does not alter the date on which the judgment of sentence became final, even if the Supreme Court considers and then later denies the untimely petition for allowance of appeal from this Court's order. ***See Commonwealth v. Hutchins***, 760 A.2d 50, 54 (Pa. Super. 2000) ("The fact remains that Appellant did not timely seek review of our Court's decision with our Supreme Court within the 30[-]day time period allowed for seeking such review, thus his conviction must be deemed final as of the expiration of that time period. Were we to hold otherwise, then we would be disregarding the plain meaning of [subs]ection 9545(b)(3) and acting in contravention to the express intent of the legislature.").

Here, we conclude that Holmes' PCRA petition is untimely filed. Holmes' judgment of sentence became final on October 23, 2020, the last day upon which he could have filed a timely petition for allowance of appeal with our Supreme Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3); ***see also Hutchins***, ***supra***;

- 4 -

Pa.R.A.P. 1113(a). Therefore, Holmes had until October 25, 2021[1] to file his PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Accordingly, Holmes' July 7, 2022 *pro se* PCRA petition was patently untimely. ***Id.*** Thus, Holmes bears the burden of pleading and proving one of the three exceptions to the jurisdictional time bar. ***Id.*** at §§ 9545(b)(1)(i)-(iii); ***see also Anderson***, 234 A.3d at 737-38.

Upon our review, we conclude that Holmes' PCRA petition does not fall within any of the statutory exceptions to the PCRA's jurisdictional time bar. Indeed, Holmes' petition fails to reference any of the timeliness exceptions, which defect is fatal alone. ***See Commonwealth v. Furgess***, 149 A.3d 90, 93 (Pa. Super. 2016) ("Asserted exceptions to the time restrictions for the PCRA must be included in the petition, and may not be raised for the first time on appeal."); ***see also Burton***, ***supra*** (appellate court without jurisdiction to consider statutory timeliness exceptions not included in PCRA petition).

Even construing the allegations in Holmes' petition liberally, we would find that he has not satisfied a timeliness exception where he makes various allegations relating to the purported ineffectiveness of counsel, but such deficiencies do not constitute "governmental interference" or a new "fact" for the purpose of the timeliness exceptions of subsections 9545(b)(1)(i) and (ii)

---

[1] ***See*** 1 Pa.C.S.A. § 1908 (when last day for statutory filing deadline falls on weekend or holiday, deadline is extended until next business day); Pa.R.A.P. 107 (incorporating 1 Pa.C.S.A. § 1908 with respect to deadlines set forth in Rules of Appellate Procedure).

of the PCRA. **See Commonwealth v. Pursell**, 749 A.2d 911, 915-17 (Pa. 2000). Furthermore, Holmes' PCRA petition does not contain any reference to a newly recognized retroactive constitutional right for the purpose of subsection 9545(b)(1)(iii).

Accordingly, because Holmes' PCRA petition is untimely and he fails to plead and prove any timeliness exception, we conclude that the PCRA court properly dismissed it.[2] **See Cobbs**, **supra**; **see also Derrickson**, **supra**.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/5/2024

---

[2] Although the PCRA court did not address the timeliness of Holmes' PCRA petition, it was required to do so before reaching its merits. **See Derrickson**, **supra**. Even so, "it is well settled that this Court may affirm a valid judgment or order for any reason appearing as of record." **Commonwealth v. Wholaver**, 177 A.3d 136, 145 (Pa. 2018) (citation omitted).